UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JANE GRIFFITH,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>CAROLYN W. COLVIN. Commissioner of Social Security, [1]<br><br>　　　　　　　Defendant. | Case No. 3:12-cv-05601-BHS-KLS<br><br>REPORT AND RECOMMENDATION<br><br>Noted for July 26, 2013 |

Plaintiff has brought this matter for judicial review of defendant's denial of her application for supplemental security income ("SSI") benefits. This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule MJR 4(a)(4) and as authorized by Mathews, Secretary of H.E.W. v. Weber, 423 U.S. 261 (1976). After reviewing the parties' briefs and the remaining record, the undersigned submits the following Report and Recommendation for the Court's review, recommending that for the reasons set forth below, defendant's decision to deny benefits be reversed and this matter be remanded for further administrative proceedings.

FACTUAL AND PROCEDURAL HISTORY

On January 30, 2007, plaintiff filed an application for SSI benefits, alleging disability as

---

[1] On February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of the Social Security Administration. Therefore, under Federal Rule of Civil Procedure 25(d)(1), Carolyn W. Colvin is substituted for Commissioner Michael J. Astrue as the Defendant in this suit. **The Clerk of Court is directed to update the docket accordingly.**

REPORT AND RECOMMENDATION - 1

of February 5, 1998, due to a bipolar disorder, a panic disorder, poly-substance abuse in remission, a personality disorder, spinal impairments, and hepatitis C and liver problems, and possible lung cancer. See Administrative Record ("AR") 11, 107.  That application denied upon initial administrative review on April 25, 2007, and on reconsideration on November 9, 2007. See AR 11.  A hearing was held before an administrative law judge ("ALJ") on June 24, 2009, at which plaintiff, represented by counsel, appeared and testified. See AR 29-48.

In a decision dated July 27, 2009, the ALJ determined plaintiff to be not disabled. See AR 11-28.  Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council on September 24, 2009, making the ALJ's decision the final decision of the Commissioner of Social Security (the "Commissioner"). See AR 1; see also 20 C.F.R. § 416.1481.  Plaintiff appealed that decision to this Court, which, on July 22, 2010, reversed it and remanded this matter for further administrative proceedings. See AR 794-808.  On remand, a second hearing was held before the same ALJ, at which plaintiff again appeared and testified, as did a medical expert. See AR 767-91.

In a decision dated April 26, 2011, the ALJ once more determined plaintiff to be not disabled. See AR 745-60.  It does not appear from the record that the Appeals Council assumed jurisdiction of the case. See 20 C.F.R. § 416.1484.  The ALJ's decision therefore became the Commissioner's final decision after sixty days. Id.  On July 13, 2012, plaintiff filed a complaint in this Court seeking judicial review of the Commissioner's final decision. See ECF #3.  The administrative record was filed with the Court on September 18, 2012. See ECF #10.  The parties have completed their briefing, and thus this matter is now ripe for the Court's review.

Plaintiff argues the Commissioner's final decision should be reversed and remanded for an award of benefits, or in the alternative for further administrative proceedings, because the ALJ

REPORT AND RECOMMENDATION - 2

erred:

    (1)    in finding plaintiff did not have an impairment that met or medically equaled any of those listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "Listings");

    (2)    in finding she did not have a medically determinable impairment consisting of a pain disorder or a seizure disorder;

    (3)    in discounting her credibility;

    (4)    in assessing her residual functional capacity; and

    (5)    in finding her to be capable of performing other jobs existing in significant numbers in the national economy.

For the reasons set forth below, the undersigned agrees the ALJ erred with respect to the issue of whether plaintiff's impairments met or medically equaled the Listings. On that basis, therefore, the undersigned recommends that the Commissioner's final decision be reversed, and that this matter be remanded for further administrative proceedings to determine whether a finding of Listing-level severity – and therefore a determination of disability on that basis – is warranted. Thus, because the issue of Listing-level severity may very well be determinative here if resolved in plaintiff's favor, thereby obviating the need to address the other issues raised by plaintiff, the undersigned declines to do so at this time.

## DISCUSSION

The determination of the Commissioner that a claimant is not disabled must be upheld by the Court, if the "proper legal standards" have been applied by the Commissioner, and the "substantial evidence in the record as a whole supports" that determination. <u>Hoffman v. Heckler</u>, 785 F.2d 1423, 1425 (9th Cir. 1986); <u>see also</u> <u>Batson v. Commissioner of Social Security Admin.</u>, 359 F.3d 1190, 1193 (9th Cir. 2004); <u>Carr v. Sullivan</u>, 772 F.Supp. 522, 525 (E.D. Wash. 1991) ("A decision supported by substantial evidence will, nevertheless, be set aside if the

REPORT AND RECOMMENDATION - 3

proper legal standards were not applied in weighing the evidence and making the decision.") (citing Brawner v. Secretary of Health and Human Services, 839 F.2d 432, 433 (9th Cir. 1987)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation omitted); see also Batson, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record."). "The substantial evidence test requires that the reviewing court determine" whether the Commissioner's decision is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld. Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984) ("Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made.") (quoting Rhinehart v. Finch, 438 F.2d 920, 921 (9th Cir. 1971)). [2]

I.   The ALJ's Step Three Determination

At step three of the sequential disability evaluation process,[3] the ALJ must evaluate the claimant's impairments to see if they meet or medically equal any of the impairments set forth in the Listings. See 20 C.F.R § 416.920(d); Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

---

[2] As the Ninth Circuit has further explained:

> . . . It is immaterial that the evidence in a case would permit a different conclusion than that which the [Commissioner] reached. If the [Commissioner]'s findings are supported by substantial evidence, the courts are required to accept them. It is the function of the [Commissioner], and not the court's to resolve conflicts in the evidence. While the court may not try the case de novo, neither may it abdicate its traditional function of review. It must scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are rational. If they are . . . they must be upheld.

Sorenson, 514 F.2d at 1119 n.10.

[3] The Commissioner employs a five-step "sequential evaluation process" to determine whether a claimant is disabled. See 20 C.F.R. § 416.920. If the claimant is found disabled or not disabled at any particular step thereof, the disability determination is made at that step, and the sequential evaluation process ends. See id.

REPORT AND RECOMMENDATION - 4

If any of the claimant's impairments meet or medically equal a listed impairment, he or she is deemed disabled. Id.  The burden of proof is on the claimant to establish he or she meets or equals any of the impairments in the Listings. See Tacket, 180 F.3d at 1098.  "A generalized assertion of functional problems," however, "is not enough to establish disability at step three." Id. at 1100 (citing 20 C.F.R. § 404.1526).

A mental or physical impairment "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 416.908.  It must be established by medical evidence "consisting of signs, symptoms, and laboratory findings." Id.; see also Social Security Ruling ("SSR") 96-8p, 1996 WL 374184 *2 (determination that is conducted at step three must be made on basis of medical factors alone).  An impairment meets a listed impairment "only when it manifests the specific findings described in the set of medical criteria for that listed impairment." SSR 83-19, 1983 WL 31248 *2.

An impairment, or combination of impairments, equals a listed impairment "only if the medical findings (defined as a set of symptoms, signs, and laboratory findings) are at least equivalent in severity to the set of medical findings for the listed impairment." Id.; see also Sullivan v. Zebley, 493 U.S. 521, 531 (1990) ("For a claimant to qualify for benefits by showing that his unlisted impairment, or combination of impairments, is 'equivalent' to a listed impairment, he must present medical findings equal in severity to *all* the criteria for the one most similar listed impairment.") (emphasis in original).  However, "symptoms alone" will not justify a finding of equivalence. Id.  The ALJ also "is not required to discuss the combined effects of a claimant's impairments or compare them to any listing in an equivalency determination, unless the claimant presents evidence in an effort to establish equivalence." Burch v. Barnhart, 400 F.3d

REPORT AND RECOMMENDATION - 5

676, 683 (9th Cir. 2005).

The ALJ need not "state why a claimant failed to satisfy every different section of the listing of impairments." Gonzalez v. Sullivan, 914 F.2d 1197, 1201 (9th Cir. 1990) (finding ALJ did not err in failing to state what evidence supported conclusion that, or discuss why, claimant's impairments did not meet or exceed Listings). This is particularly true where, as noted above, the claimant has failed to set forth any reasons as to why the Listing criteria have been met or equaled. Lewis v. Apfel, 236 F.3d 503, 514 (9th Cir. 2001) (finding ALJ's failure to discuss combined effect of claimant's impairments was not error, noting claimant offered no theory as to how, or point to any evidence to show, his impairments combined to equal a listed impairment).

As indicated above, the ALJ in this case found plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment, stating further in relevant part that "[n]o treating, examining, or reviewing source of record has opined that any of her impairments are of listing-level severity." See AR 749-50. Plaintiff argues that because the medical expert who testified at the hearing that plaintiff's impairments may be of Listing-level severity but that it was unclear whether such was the case, did so by improperly separating out the effects of substance use from the other impairments in the record, and because the ALJ relied on that expert's testimony in making his step three determination, that determination cannot be upheld. The undersigned agrees.

In his decision, the ALJ found plaintiff had "severe" mental impairments consisting of a mood disorder, an anxiety disorder, a history of polysubstance abuse, and heroin dependence in remission as a consequence of dependence on methadone.[4] See AR 748. In so finding, the ALJ

---

[4] The Commissioner employs a five-step "sequential evaluation process" to determine whether a claimant is disabled. See 20 C.F.R. § 416.920. If the claimant is found disabled or not disabled at any particular step thereof, the disability determination is made at that step, and the sequential evaluation process ends. See id. At step two of the sequential evaluation process, the ALJ must determine if an impairment is "severe." 20 C.F.R. § 416.920. An

REPORT AND RECOMMENDATION - 6

noted that according to the medical expert, Maxine Hoggan, Psy.D., while plaintiff "may have had an affective disorder" she "had not been clean from drugs long enough . . . to be sure," and that it "was not really possible to arrive at" such a diagnosis "on a longitudinal basis other than substance addiction." Id.  The ALJ also stated that Dr. Hoggan could not "discriminate between [plaintiff's] psychological issues and her substance abuse." Id.  The ALJ found as well no objective evidence of a medically-determinable seizure disorder, noting Dr. Hoggan testified that "her seizure condition may have been the result of drug use." AR 748-49.

The term "substance abuse" has been defined by the Commissioner as "the presence of maladaptive use of alcohol, illegal drugs, prescription medications, and toxic substances." SSR 13-2p, 2013 WL 621536 *3.  It does not include, however, "[a]ddiction to, or use of, prescription medications taken as prescribed, *including methadone*." Id. (emphasis added).  As plaintiff points out, while the record shows she has been on prescribed Methadone for several years, there is no indication that she has misused it as acknowledged by Dr. Hogan. See AR 781-82.  Nor does the record indicate, also as plaintiff points out, that use of illegal drugs is a factor here other than the fact that there is a history thereof as noted by the ALJ.[5] See AR 748.  Accordingly, to the extent the ALJ relied on a belief that plaintiff had engaged in substance abuse to determine she was not

---

impairment is "not severe" if it does not "significantly limit" a claimant's mental or physical abilities to do basic work activities. 20 C.F.R. § 416.920(a)(4)(iii), (c); see also SSR 96-3p, 1996 WL 374181 *1.

[5] Thus, this case is distinguishable from those where the presence of drug addiction and alcoholism ("DAA") is an issue. See SSR 13-2p, 2013 WL 621536.  A claimant may not be found disabled if DAA would be "a contributing factor material to the Commissioner's determination" of disability. Bustamante v. Massanari, 262 F.3d 949, 954 (9th Cir. 2001) (citing 42 U.S.C. §§ 423(d)(2)(C), 1382c(a)(3)(J); 20 C.F.R. § 416.935(a)).  In those cases where DAA is at issue, to determine whether DAA is a materially contributing factor, the five-step sequential disability evaluation process first must be conducted "without separating out the impact of alcoholism or drug addiction." Id. at 955.  If the ALJ finds the claimant is not disabled he or she "is not entitled to benefits." Id.  If the claimant is found disabled, however, "and there is 'medical evidence of [his or her] drug addiction or alcoholism,'" the ALJ then proceeds "to determine if the claimant 'would still [be found] disabled if [he or she] stopped using alcohol or drugs.'" Id. (citing 20 C.F.R. § 416.935).  If a claimant's current limitations "would remain once he [or she] stopped using drugs and alcohol," and those limitations are disabling, "drug addiction or alcoholism is not material to the disability, and the claimant will be deemed disabled." Ball v. Massanari, 254 F.3d 817, 821 (9th Cir. 2001).  Thus, even if plaintiff's use of methadone could be considered DAA pursuant to SSR 13-2p, the ALJ still would be required to evaluate all of plaintiff's impairments – including her methadone use – first to determine whether or not she is disabled, before separating that particular impairment out of the disability analysis.

REPORT AND RECOMMENDATION - 7

disabled at step three, he erred.

As noted above, furthermore, a *combination* of impairments medically equals a listed impairment "if the medical findings . . . are at least equivalent in severity to the set of medical findings for the listed impairment." SSR 83-19, 1983 WL 31248 *2 (emphasis added); see also Sullivan, 493 U.S. at 531.  Also as noted above, the ALJ "is required to discuss the *combined* effects of a claimant's impairments" and to "compare them to any listing" where evidence is presented "in an effort to establish equivalence." Burch, 400 F.3d at 683 (emphasis added).  In this case, the ALJ again as noted above found plaintiff had a severe medically determinable impairment consisting of heroin dependence in remission as a consequence of dependence on methadone.  The ALJ thus was required to consider whether plaintiff's methadone dependence, combined with her other impairments, reached Listing-level severity.

At the hearing, Dr. Hoggan testified that there was "a question about organic mental disorders, whether or not she meets the criteria for [Listing] 12.02 due to [plaintiff's] seizures." AR 778.  Dr. Hoggan went on to state, however, that "[if] that is associated with her drug use, she would not meet the criteria because the substances would make those others a pattern," but that "if in fact she is continuing to have the seizures and is off all drugs, then she may well meet the [A] criteria[6] for [Listing] 12.02." AR 778-79.  Dr. Hoggan went on to testify that the fact

---

[6] In regard to mental impairments:

> Each [L]isting, except 12.05 and 12.09, consists of a statement describing the disorder(s) addressed by the listing, paragraph A criteria (a set of medical findings), and paragraph B criteria (a set of impairment-related functional limitations). There are additional functional criteria (paragraph C criteria) in 12.02, 12.03, 12.04, and 12.06 . . . We will assess the paragraph B criteria before we apply the paragraph C criteria. We will assess the paragraph C criteria only if we find that the paragraph B criteria are not satisfied. We will find that you have a listed impairment if the diagnostic description in the introductory paragraph and the criteria of both paragraphs A and B (or A and C, when appropriate) of the listed impairment are satisfied.

20 C.F.R. Pt. 404, Subpt. P, App. 1, §12.00A.

REPORT AND RECOMMENDATION - 8

that plaintiff had not had any seizures for the past six months suggested to her that plaintiff's seizures were "connected to her drug use and not to a brain dysfunction," so that it was unclear "whether or not she would meet" Listing 12.02, and thus Dr. Hoggan could not "say definitely" whether she would do so. AR 779.

Dr. Hoggan testified as well that prior to October 10, 2010, plaintiff did not suffer from depression, "or any other major psychological impairment" other than a substance abuse disorder that was at Listing-level severity, unless she took "the position that the methadone and the heroin and the other street drugs used does not exacerbate her symptoms." AR 780.  In the opinion of Dr. Hoggan, however, "street drug use, illicit drug use, creates those symptoms or exacerbates them," and methadone is "just another name for heroin," "[i]t's just clean." Id.  As to whether or not any of plaintiff's mental impairments would meet or medically equal a Listing, setting aside "any consideration of substance abuse," Dr. Hoggan testified that:

> . . . Well, she probably equals affective disorders [(Listing 12.04)].  But if you leave that out -- but how do you leave that out?  Under the circumstances, there hasn't been a period where she is untreated or unmedicated or not using long enough to determine what if anything is going on.

AR 781.  Because of this Dr. Hoggan felt there was "no way to make a judgment as to whether [plaintiff] has some other medically determinable mental impairment." Id.

As clearly can be seen from the above testimony, Dr. Hoggan attempted to separate out plaintiff's use of methadone from her other alleged impairments in opining as to whether or not Listings 12.02 and 12.04 had been satisfied.  As discussed above, furthermore, the ALJ relied to a large extent on Dr. Hoggan's testimony to find that such had not occurred.  But because, also as discussed above, the ALJ must consider whether or not plaintiff's combined impairments – which in this case includes her methadone dependence – reach Listing-level severity, he erred in doing so.  On the other hand, since Dr. Hoggan also testified that it was not definitively clear

REPORT AND RECOMMENDATION - 9

whether such severity had been established – even though she believed Listing 12.04 "probably" had been equaled (AR 781) – a determination of disability at step three at this time is premature.

II.     This Matter Should Be Remanded for Further Administrative Proceedings

The Court may remand this case "either for additional evidence and findings or to award benefits." Smolen, 80 F.3d at 1292.  Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Benecke v. Barnhart, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted).  Thus, it is "the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy," that "remand for an immediate award of benefits is appropriate." Id.

Benefits may be awarded where "the record has been fully developed" and "further administrative proceedings would serve no useful purpose." Smolen, 80 F.3d at 1292; Holohan v. Massanari, 246 F.3d 1195, 1210 (9th Cir. 2001).  Specifically, they should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

Smolen, 80 F.3d 1273 at 1292; McCartey v. Massanari, 298 F.3d 1072, 1076-77 (9th Cir. 2002). Because issues still remain in this case in regard to whether or not plaintiff's mental impairment meets or medically equals Listings 12.02 and 12.04, which as discussed above if resolved in plaintiff's favor may be determinative in this case, remand for further administrative proceedings to address that issue is appropriate in this matter.

## CONCLUSION

Based on the foregoing discussion, the undersigned recommends that the Court find the

REPORT AND RECOMMENDATION - 10

ALJ improperly concluded plaintiff was not disabled.  Accordingly, the undersigned also recommends that the Court reverse the Commissioner's final decision and remand this matter for further administrative proceedings in accordance with the findings contained herein.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 72(b), the parties shall have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. See also Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal. See Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed set this matter for consideration on **July 26, 2013**, as noted in the caption.

DATED this 11th day of July, 2013.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 11